**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TYLER MCELROY, et al.**                                      **CIVIL ACTION**

**VERSUS**                                                          **CASE NO. 24-2794**

**D.R. HORTON, INC. – GULF COAST**                    **SECTION: "G"(2)**

## ORDER

The instant case is a contract dispute arising from an agreement Plaintiffs Tyler McElroy and Jalynn Caldwell (collectively, "Plaintiffs") entered to purchase a home from Defendant D.R. Horton, Inc. – Gulf Coast ("Defendant").[1] Before the Court is Defendant's Motion to Refer to Arbitration and Stay Proceedings.[2] The motion was set for submission on January 22, 2025. Pursuant to Local Rule 7.2, any opposition to the motion was due on January 14, 2025. No opposition has been filed. Therefore, the motion is deemed unopposed. The Court has authority to grant a motion that is unopposed, although it is not required to do so.[3]

In the motion, Defendant present a copy of the purchase agreement, which includes a dispute resolution clause where the parties agreed that any disputes related to the contract are subject to mediation and, if unsuccessful, arbitration.[4] Plaintiffs have not responded to the motion or presented any argument as to why the agreement should not be enforced. Therefore, pursuant

---

[1] Rec. Doc. 1-1.

[2] Rec. Doc. 6.

[3] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[4] Rec. Doc. 6-3.

to Section 3 of the Federal Arbitration Act ("FAA"), the Court stays the case pending arbitration.[5]

Accordingly,

    **IT IS HEREBY ORDERED** that the Motion to Refer to Arbitration and Stay Proceedings[6]

is **GRANTED**.

    **IT IS FURTHER ORDERED** that the above captioned case is **STAYED** and

**ADMINISTRATIVELY CLOSED** pending arbitration.

    **NEW ORLEANS, LOUISIANA**, this    6th    day of February, 2025.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[5] Under Section 3 of the FAA, if a federal court determines that the parties' transaction entails interstate commerce and the FAA governs the litigation, a federal court has the authority to stay the litigation pending arbitration. 9 U.S.C. § 3. As the Fifth Circuit observed, Section 3 of the FAA is mandatory because it provides that federal courts "shall on application of one of the parties stay the trial of the action." *Waste Mgmt, Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 342–43, 346 (5th Cir. 2004).

[6] Rec. Doc. 6.